**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x

In re                                                        Chapter 11

      VALDESIA GARDENS HOUSING                  Case No.: 24-23086 (kyp)
      DEVELOPMENT FUND CORPORATION,

                      Debtor.

-------------------------------------------------------------------------x

**STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 543(d)(1)**
**EXCUSING STATE COURT RECEIVER FROM PROVISIONS**
**OF 11 U.S.C. § 543(a) AND (b); AND GRANTING RELATED RELIEF**

      CPC Funding SPE 1 LLC ("**Lender**"), Valdesia Gardens Housing Development Fund

Corporation ("**Debtor**"), and Robert A. Abrams, solely in his capacity of as Receiver

("**Receiver**"), by and their respective attorneys, subject to the Court's approval, stipulate and

agree as follows;

      **WHEREAS**, the Receiver was appointed in a foreclosure proceeding styled *CPC*

*Funding SPE 1 LLC v. Valdesia Gardens Housing Development Fund Corporation, et al*., Index

No. 807726/22E, pending in the New York Supreme Court, County of Bronx (the "**Foreclosure**

**Action**"), pursuant to a Decision and Order dated October 13, 2022 and a further Order dated

October 13, 2022 (the "**Receiver Orders**"),[1] duly entered in the Foreclosure Action;

      **WHEREAS**, the Receiver Orders authorize the Receiver to, among other things, take

charge and enter possession of the Debtor's real property known 569-575 Prospect Avenue (a/k/a

850 East 150 Street), Bronx, New York (the "**Property**");

---
[1] Copies of the Receiver Orders are attached hereto as **Exhibit 1**.

**WHEREAS**, the Receiver Orders further authorize the Receiver to retain Steven H. Newman, Esq. as his counsel;

**WHEREAS**, the Receiver has duly qualified to act as receiver by filing his Oath and Bond in the Foreclosure Action and the Receiver has retained Steven H. Newman as his counsel;

**WHEREAS**, on December 13, 2024, the Debtor commenced the instant Chapter 11 case;

**WHEREAS**, the Lender and the Debtor desire to avoid litigation concerning the control of the Property and whether the Receiver is obligated to turnover possession and control of the Property to the Debtor pursuant to § 543 of the Bankruptcy Code;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel as follows:

1.      The Receiver is hereby excused from compliance with the provisions of § 543(a) and (b) of the Bankruptcy Code.

2.      The Receiver is hereby authorized to remain in possession and control of the Property pursuant to the same terms and provisions set forth in the Receiver Orders, copies of which are annexed hereto as Exhibit 1.

3.      The Receiver is further authorized to retain Steven H. Newman, Esq. as his counsel.

4.      The Receiver and his counsel may submit applications to the Court for compensation and reimbursement of expenses at their respective usual and customary hourly rates, and to the extent there are insufficient funds in the Debtor's estate to compensate the Receiver and his counsel, Lender shall pay the compensation of the Receiver and his counsel at

their usual and customary hourly rates upon approval of their fees and expenses by a court of competent jurisdiction.

5.      The Receiver shall provide reasonable access to the Property to the Lender and the Debtor and their respective agents upon reasonable notice during normal business hours.

6.      The Receiver shall not be authorized to lease or sell the Property absent further order of the Bankruptcy Court.

7.      The Receiver shall provide counsel for the Debtor and the Lender with copies of all existing, if any, permits, licenses, service contracts and other documentation concerning the current maintenance of and security for the Property.

8.      The Receiver shall provide proof of insurance to the Lender, the Debtor and the US Trustee and any renewals thereof.

9.      The Receiver shall provide the U.S. Trustee, the Debtor, and Lender with such other information reasonably requested by them in writing within a reasonable period after such request.

10.     The Debtor reserves the right to revoke its consent to this stipulation and seek an order compelling the Receiver's compliance with Section 543 of the Bankruptcy Code upon motion to the Court after notice and hearing (a "**Turnover Motion**"); *provided however*, for the avoidance of doubt, paragraphs 1 through 9 above shall remain in full force and effect unless and until the Court enters an order granting a Turnover Motion by the Debtor.

11.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

*Signature Blocks on Following Page*

Dated: New York, New York
           January 8, 2025


**CONSENTED AND AGREED TO BY:**


**ROBERT A. ABRAMS, AS RECEIVER**          **DAVIDOFF HUTCHER & CITRON LLP**


 */s/ Robert A. Abrams*                                    By: */s/ Jonathan Pasternak*
605 Third Avenue                                                 Jonathan S. Pasternak, Esq.
New York, New York 10158                                   605 Third Avenue
Tel: (212) 953-6000                                          New York, New York 10158
                                                             Tel: (646) 428-3124

                                                             *Attorneys for Valdesia Gardens Housing*
                                                             *Development Fund Corporation*



**WINDELS MARX LANE &
MITTENDORF, LLP**


By: */s/ Eloy A. Peral*
        Mark A. Slama, Esq.
        Eloy A. Peral, Esq.
        156 West 56th Street
        New York, New York 10019

*Attorneys for CPC Funding SPE 1 LLC*


**IT IS SO ORDERED**
 This _____ day of January, 2025


_____
United States Bankruptcy Judge

# EXHIBIT 1

## (Receiver Orders)

24-23086-kyp   Doc 16-1   Filed 01/08/25   Entered 01/08/25 15:52:06   Proposed
Stipulation and Order Pursuant to 11 USC 543(b)(1) Excusing State Cour   Pg 6 of 25
SUBJECT TO PART 90 AND 25

REC.'D 8/31/2022

E-FILE # 31

SEQ. 1

FID.# 6

*FC*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CPC FUNDING SPE 1 LLC,

                        Plaintiff,

                        v.

VALDESIA GARDENS, LLC; VALDESIA
GARDENS HOUSING DEVELOPMENT FUND
COMPANY, INC.; LEOPOLDO BAEZ; EMANUEL
KAMABANIS; ALEXIS M. BAEZ as Administrator
for the Estate of LUIS BAEZ; MODERN
CONSTRUCT & STEEL INC.; NYC DEPARTMENT
OF FINANCE; NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE; and JOHN AND
JANE DOES 1-50, ABC LLC 1-50, XYZ CORP. 1-10,

                        Defendants.

The names of the John and Jane Doe Defendants, ABC
LLC Defendants and XYZ Corp Defendants being
fictitious and unknown to the plaintiff, the persons or
parties, corporations or entities having an interest in or
lien against the premises sought to be foreclosed herein,
as owner, licensee, occupant or otherwise.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AT IA PART __32__ of the Supreme Court
of the State of New York, Bronx County at
the Courthouse located at 851 Grand
Concourse, Bronx, New York on the _13th_
day of _October_ , 2022

: Index No. 807727/2022E

: (Justice __FIDEL GOMEZ__ )

**APPLICATION FOR *EX PARTE*
ORDER APPOINTING
RECEIVER AT MORTGAGED
PREMISES AND APPOINTMENT
OF <u>RECEIVER'S COUNSEL</u>**

      Upon the Summons and Verified Complaint herein, filed in the Office of the Clerk of

Bronx County on May 19, 2022 and the Notice of Pendency of this action filed in the Office of

the Clerk of Bronx County simultaneously therewith along with this *ex parte* Application and

upon reading and filing of the affirmation of Mark A. Slama, dated to on August 17, 2022, the

Affirmation of Robert Abrams, Esq. dated August 17, 2022, and the exhibits attached thereto,

and upon reading and filing the Verified Complaint verified by Helene Rudolph on May 19,

2022, and the exhibits attached thereto, together with all prior proceedings had heretofore and it

appearing to the satisfaction of the Court that this action is properly brought to foreclose the

FILED: BRONX COUNTY CLERK 10/14/2022 11:23 AM          INDEX NO. 807727/2022E

NYSCEF DOC. NO. 24-23086-kyp   Doc 16-1   Filed 01/08/25   Entered 01/08/25 15:52:06   Proposed   RECEIVED NYSCEF: 10/14/2022
Stipulation and Order Pursuant to 11 USC 543(d)(1) Excusing State Cour   Pg 7 of 25

liens evidenced and secured by the Mortgages set forth in the Verified Complaint as more particularly described in <u>Schedule A</u> of the Verified Complaint herein, together with the buildings, structures, improvements, and other property thereon as applicable (collectively the "**Property**"). The Property together with any and all other property, real, personal and mixed, referred to in the Mortgages being hereinafter collectively referred to as the "**Mortgaged Premises**"; that the plaintiff CPC Funding SPE 1 LLC ("**Plaintiff**" or "**Mortgagee**") is the holder of the Mortgages and related loan instruments; that in and by the Mortgages it was covenanted that Mortgagee shall be entitled to the appointment of such receiver <u>ex parte</u> in any action to foreclose the Mortgages as a matter of right, without notice; that the mortgagor, Valdesia Gardens, LLC ("Valdesia") and Valdesia Gardens Housing Development Fund Corporation ("HDFC", together with Valdesia "**Borrowers**") is in default under the Mortgages for <u>inter alia,</u> failing to pay all principal, interest and other charges due to Plaintiff on or before the Maturity Date as per the loan documents; that the Plaintiff has the right to maintain this action to foreclose the Mortgages; and that the appointment of a receiver for the Mortgaged Premises, as more particularly described in <u>Schedule A</u> of the Verified Complaint, is necessary for the protection of the Mortgaged Premises and the Plaintiff's interest therein;

**NOW**, upon application of Windels Marx Lane & Mittendorf, LLP, attorneys for the Plaintiff, it is

**ORDERED**, that Robert Abrams, Esq. (Fiduciary No.: 410780) of Katsky Korins ("**Receiver**") be and he hereby is appointed, with the usual powers and directions along with those set forth in this Order, Receiver for the benefit of the Mortgaged Premises and the Plaintiff of all the rents and profits now due during the pendency of this action and issuing out of the Mortgaged Premises as set forth in the Complaint which is encumbered by Plaintiff's Mortgage liens; and it is further

807727/2022E

**ORDERED**, that the Receiver is authorized to forthwith take charge and enter into possession of the Mortgaged Premises; and it is further

**ORDERED**, that before entering upon his duties, said Receiver shall be sworn to fairly and faithfully discharge the trust committed to him and this oath shall be filed with the Clerk of Bronx County, and shall execute to the People of the State of New York and file with the Clerk of this Court and undertaking in the penal sum of $25,000.00, conditioned for the faithful discharge of his duties as such Receiver; and it is further

**ORDERED**, that the Receiver shall take such action as may be prudent and reasonable to secure the Mortgaged Premises from trespass, vandalism, theft, harm and any damage due to weather conditions or other potential danger to the Mortgaged Premises including hiring security personnel, lock smiths, and contractors for such purpose of which are to be funded by Plaintiff, as it is further

**ORDERED**, that Steven Newman, Esq. (Fiduciary No. 433764) is appointed as the Receiver's legal counsel; and it is further

**ORDERED**, that the tenants, licenses, occupants, or other persons in possession of any portion or the whole of said Mortgaged Premises attorn to said Receiver and pay over to said Receiver all rents, occupancy fees and license fees and other charges of such Mortgaged Premises now due and unpaid, or that may hereafter become due; and that the Borrowers, and any of its agents, assigns, or employees be and are hereby enjoined and restrained from collecting the rents and license fees and other charges of said Mortgaged Premises and from interfering in any manner with the management, care, or use of the Mortgaged Premises or its possession; and from transferring, removing or in any way disturbing any of the occupants or employees; and that all tenants, occupants, employees and licensees of the Mortgaged Premises and other persons liable for the rents be and hereby are enjoined and restrained from paying any

rent or license fees or other charges for such Mortgaged Premises to the defendants, their agents, servants or attorneys; and it is further

ORDERED, that said Receiver be and hereby is directed to demand, collect and receive from the occupants, tenants, and licensees or others in possession of any part or the whole of said Mortgaged Premises, or other persons liable therefor, all the rents, occupancy fees or charges and any license fees thereof now due and unpaid or hereafter to become fixed or due, and that, upon receipt of Plaintiff's written consent, Receiver be and hereby is authorized to institute and carry on all legal proceedings necessary for the protection, care, maintenance and management of said Mortgaged Premises, including, but not limited to, proceedings before the Surrogate Courts of the State of New York, or to recover possession of the whole, or any part thereof, and/or apply to the Court to fix reasonable rental value and license fee value and to compel the tenants and occupant(s) to attorn to the Receiver; and it is further

ORDERED, that Borrowers or any of its agents or assigns turn over to the Receiver all construction permits, architectural plans and specifications, drawings, plans pending applications, contracts to perform any work to the Mortgaged Premises, warranties for any appliance and all invoices or bills of lading relating to any materials purchased for or installed at the Mortgaged Premises.

ORDERED, that if any of the defendants or their contractors, agents and/or employees are in possession of the licenses, permits, contracts, subcontracts, plans, agreements, correspondence, notices, and registration statements relating to the Mortgaged Premises, they shall immediately deliver them to the Receiver; and it is further

ORDERED, that all persons now or hereafter in possession of said Mortgaged Premises, or any part thereof, and not holding such possession under valid and existing leases or

807727/2022E

{41019297:2}    4

tenancies, do forthwith surrender such possession to said Receiver, subject to emergency laws, if any; and it is further

**ORDERED**, that the Receiver is authorized to secure, obtain and/or arrange for the continued storage of any prepaid building materials, to supervise any subcontractors entering onto the Mortgaged Premises to remove any rented equipment, and to preserve, continue or obtain any additional necessary permits or licenses to protect or secure the Mortgaged Premises and to take such measures as may be prudent to protect the Mortgaged Premises against acts of vandalism, adverse weather conditions or entry by persons who are not authorized to gain entry to the Mortgaged Premises; and it is further

**ORDERED**, that, upon receipt of Plaintiff's written consent, said Receiver may institute and prosecute suits for the collection of rents, license fees and other charges now due or hereafter to become due or fixed, summary proceedings for the removal of any tenants or licensees or other persons therefrom, and proceedings to recover possession of the whole, or any portion of the Mortgaged Premises, including, but not limited to, proceedings before the Surrogate Courts of the State of New York; and it is further

**ORDERED**, that pursuant to the provisions of the General Obligations Law Section 7-105, anybody holding any deposits or advances of rental as security under any lease or license agreement affecting space in the Mortgaged Premises affected by this action shall turn same over to said Receiver within five (5) days after said Receiver shall have qualified; and thereupon the said Receiver shall hold such security subject to such disposition thereof as shall be provided in an order of this Court to be made and entered in this action; and it is further

**ORDERED**, that any person or entity in possession of same shall turn over to said Receiver all rent lists, orders, unexpired and expired leases, agreements, correspondence,

807727/2022E

{41019297:2}                                                5

notices and registration statements relating to rental space or facilities in the Mortgaged Premises; and it is further

**ORDERED**, that said Receiver be and hereby is authorized and directed to investigate and prosecute insurance and third-party claims arising from losses at the Mortgaged Premises and apply the proceeds thereof to repair and preserve the Mortgaged Premises; and it is further

**ORDERED**, that said Receiver forthwith deposit all monies received by him at the time he receives the same in his own name as Receiver in any FDIC insured bank or similar financial institution (the "**Depository**") and such account shall show the name of this action, and no withdrawals shall be made therefrom except as directed by the Court or on a draft or check signed by the Receiver and countersigned by the surety on his bond or as required to pay for repairs and expenses of the Mortgaged Premises; and it is further

located in the State of New York

J.S.C.

**ORDERED**, that the Receiver shall furnish the Plaintiff and Plaintiff's attorneys monthly statements of the receipts and expenditures of the Receivership, together with a photocopy of the monthly statements received from said deposits, as well as monthly rent rolls showing collections, delinquencies and vacant units at the Mortgaged Premises; and it is further

**ORDERED**, that the Depository shall send monthly statements of deposits in and withdrawals from the account of the depositor Receiver to it and the attorney for the Plaintiff; and it is further

**ORDERED**, that during the pendency of this action the Borrowers and their agents be, and hereby are, enjoined and restrained from contracting to improve the Mortgaged Premises, sell or lease or otherwise license for use or possession any of apartments or retail space at the Mortgaged Premises or other portions of the Mortgaged Premises and from

807727/2022E

interfering with the said Receiver or his agents in their operation, leasing and possession of the Mortgaged Premises, and it is further

**ORDERED**, that the Receiver is authorized to pay, from the monies held by Receiver in connection with the Mortgaged Premises, the taxes, assessments, water and sewer rates and charges, the operational expenses for the Mortgaged Premises, and the cost of all insurance required by the terms of the Mortgage or bonds necessary or required under the Loan Documents, and only after receipt of written consent by Plaintiff: (a) to make secure the Mortgaged Premises and safeguard it from exposure to the elements and from acts of theft or vandalism, unlawful entry by third parties, as well as any waste or deterioration of the Mortgaged Premises or any improvements thereto; (b) to comply with all requirements of any department or other authority having jurisdiction over the Mortgaged Premises; (c) to take such prudent and necessary actions that would prevent further deterioration of the constructed portions of the Mortgaged Premises or those to be demolished, and (d) to take such further action that a prudent owner or manager would with respect to the Mortgaged Premises to preserve its value; and it is further

**ORDERED**, that notwithstanding anything to the contrary contained in this order, the Receiver is prohibited from paying and/or incurring obligations, cost and expenses in excess of the monies in his/her hands without Plaintiff's written consent; and it is further,

**ORDERED**, that said Receiver be and hereby is authorized to make any prudent, reasonable, and necessary repairs or work to the Mortgaged Premises and undertake such action, provided that, the cost of such repairs and work do not exceed $25,000.00 in the aggregate, or Receiver has obtained Plaintiff's written consent to make such repairs or conduct such work; and it is further

807727/2022E

**ORDERED**, that said Receiver be and hereby is authorized and directed to inspect the Mortgaged Premises to correct potentially unsafe conditions and effectuate repairs and maintenance needed to preserve and protect the Mortgaged Premises or persons and property thereat, provided that, the cost of such corrections, repairs and maintenance do not exceed $25,000.00 in the aggregate, or Receiver has obtained Plaintiff's written consent to make such corrections, repairs or work; and it is further

**ORDERED**, that said Receiver be and hereby is authorized and directed to resolve all unaddressed building violations issued against the Mortgaged Premises and remediate same with the regulatory authorities as is necessary to (i) make such issues that are the subject of such violations safe and complete required construction or demolition activities at the Mortgaged Premises; (ii) obtain the certificate of occupancy for the Mortgaged Property; and (iii) comply with controlling law and regulations; and it is further

**ORDERED**, that said Receiver be and hereby is authorized and directed to comply with controlling law and regulations, provided that, the cost of such resolution and remediation does not exceed $25,000.00 in the aggregate or Receiver has obtained Plaintiff's written consent to make such corrections, repairs or work; and it is further

**ORDERED**, that said Receiver be and hereby is authorized and directed to inspect the Mortgaged Premises, and all means of egress and ingress, any scaffolding, sidewalk bridges and other portions of the Mortgaged Premises to correct potentially unsafe conditions and effectuate repairs and maintenance needed to preserve and protect the Mortgaged Property or persons and property thereat; and it is further

**ORDERED**, that if any of the defendants or their contractors, agents and/or employees are in possession of the licenses, permits, contracts, subcontracts, plans, agreements,

807727/2022E

FILED: BRONX COUNTY CLERK 10/14/2022 11:23 AM          INDEX NO. 807727/2022E

NYSCEF DOC. NO. 11   24-23086-kyp   Doc 16-1   Filed 01/08/25   Entered 01/08/25 15:52:06   Proposed   RECEIVED NYSCEF: 10/14/2022
Stipulation and Order Pursuant to 11 USC 543(d)(1) Excusing State Cour   Pg 14 of 25

correspondence, notices, and registration statements relating to the Mortgaged Property, they shall immediately deliver them to the Receiver; and it is further

**ORDERED**, that the Receiver is authorized to secure, obtain and/or arrange for the continued storage of any prepaid building materials, to supervise any subcontractors entering onto the Mortgaged Property to remove any rented equipment, and to preserve, continue or obtain any additional necessary permits or licenses to protect or secure the Mortgaged Property; and it is further

**ORDERED**, that, upon receipt of Plaintiff's written consent and compliance with all governmental regulations and ordinances, the Receiver is authorized to lease any unit of the Mortgaged Premises which is vacant as of the date of this Order, or that may become vacant during the term of the Receivership provided that the terms of the lease(s) are approved by Plaintiff in writing, comply with laws of the State of New York and comply with any local laws governing the use or occupancy of the Property; and it is further;

**ORDERED**, that the Receiver after paying the expenses of the management and care of the Mortgaged Premises as above provided retain the balance of the moneys that may come into his/her hands, until the further order of this Court and provide a final accounting to the attorney for the Plaintiff of all funds received and/or disbursed by the Receiver; and it is further

**ORDERED**, that the receivership shall terminate upon the earlier of:

(a)   ~~the sale and conveyance of the Mortgaged Property pursuant to the judgment to be entered in this action;~~

(b)   ~~discontinuance of this action, at Plaintiff's option or otherwise; or~~

(c)   by Order of this Court;

and it is further

**ORDERED**, that the Plaintiff shall be entitled to, but shall not have the obligation to, make protective advances whether by payment to the Receiver as the Receiver may

J.S.C.

807727/2022E

at any time request from Plaintiff to secure and protect the Mortgaged Premises or Plaintiff may make direct payment of such expenses and thereafter seek reimbursement; and it is further

**ORDERED**, that the Receiver, or any party hereto, may at any time, on proper notice to the Plaintiff and all parties who may have appeared in this action and who have not waived such notice, apply to this Court for further and other instructions or powers necessary to enable the Receiver properly to fulfill his duties; and it is further

**ORDERED**, that the appointee named herein shall comply with Section 35a of the Judiciary Law, Sections 6401-6404 of the CPLR, Section 1325 of the RPAPL, and Rule 36 of the Chief Judge; and it is further

**ORDERED, NOTWITHSTANDING ANY OTHER PROVISION OF THIS ORDER TO THE CONTRARY, THE RECEIVER SHALL NOT APPOINT AN ATTORNEY, APPRAISER, AUCTIONEER OR ACCOUNTANT, MANAGING AGENT OR MANAGING SERVICES WITHOUT THE PRIOR AUTHORIZATION OF THE COURT, AFTER MOVING IN A SEPARATE APPLICATION PURSUANT TO 36.1 OF THE UNIFORM COURT RULES.**

**ORDERED**, that upon occupancy of the Mortgaged Premises the Receiver shall file with the Fiduciary Dept. of this Court an interim accounting and rent roll within sixty (60) days of initial occupancy.

J.S.C.

ENTER:

HON. FIDEL GOMEZ, J.S.C.

807727/2022E

24-23086-kyp   Doc 16-1   Filed 01/08/25   Entered 01/08/25 15:52:06   Proposed
Stipulation and Order Pursuant to 11 USC 543(d)(1) Excusing State Cour   Pg 16 of 25

PART 32

**FC**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX

------------------------------------------X
**CPC FUNDING SPE 1 LLC-SB46,**

                        Plaintiff,

      - against -

**VALDESIA GARDENS, LLC; VALDESIA GARDENS
HOUSING DEVELOPMENT FUND COMPANY, INC.;
LEOPOLDO BAEZ; EMANUEL KAMABANIS;
ALEXIS M. BAEZ AS ADMINISTRATOR FOR THE
ESTATE OF LUIS BAEZ; MODERN CONSTRUCT
& STEEL INC.; NYC DEPARTMENT OF FINANCE;
NEW YORK STATE DEPARTMENT OF TAXATION AND
FINANCE; AND JOHN AND JANE DOES 1-50,
ABC LLC 1-50, XYZ CORP. 1-10,**

                        Defendant.
------------------------------------------X

Index No. **807727/22E**

Hon. **FIDEL E. GOMEZ**

          Justice

The following papers numbered 1 to 2, Read on this motion noticed on 5/19/22, and duly submitted as no. 1 on the Motion Calendar of 10/10/22.

| | PAPERS NUMBERED | |
|---|---|---|
| Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed | 1 | |
| Answering Affidavit and Exhibits | | |
| Replying Affidavit and Exhibits | | |
| Notice of Cross-Motion - Affidavits and Exhibits | | |
| Pleadings - Exhibit | | |
| Stipulation(s) - Referee's Report - Minutes | | |
| Filed Papers-Application for Ex Parte Order Appointing Receiver at Mortgaged Premises and Appointment of Receiver's Counsel | 2 | |
| Memorandum of Law | | |
| Administrative Order 5.25.2022 and Amended Bronx Auction Plan 2021 | | |

      Plaintiffs' motion is decided in accordance with the Decision and Order annexed hereto.

Dated: 10/13/2022
_____

Hon. _____
          **FIDEL E. GOMEZ, AJSC**

1. CHECK ONE               ☐ CASE DISPOSED      X NON-FINAL DISPOSITION

2. MOTION/CROSS-MOTION IS     X GRANTED (MOTION)
                               ☐ DENIED (CROSS-MOTION)

3. CHECK IF APPROPRIATE.      ☐ GRANTED IN PART
                               ☐ OTHER
                               ☐ SETTLE ORDER
                               ☐ SUBMIT ORDER
                               ☐ DO NOT POST
                               ☐ FIDUCIARY APPOINTMENT
                               ☐ REFEREE APPOINTMENT
                               ☐ NEXT APPEARANCE DATE:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------x

CPC FUNDING SPE 1 LLC-SB46,

                        Plaintiff(s),

              - against -

VALDESIA GARDENS, LLC; VALDESIA GARDENS
HOUSING DEVELOPMENT FUND COMPANY, INC.;
LEOPOLDO BAEZ; EMANUEL KAMABANIS; ALEXIS M.
BAEZ AS ADMINISTRATOR FOR THE ESTATE OF LUIS
BAEZ; MODERN CONSTRUCT & STEEL INC.; NYC
DEPARTMENT OF FINANCE; NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE; AND JOHN
AND JANE DOES 1-50, ABC LLC 1-50, XYZ CORP.
1-10,

                        Defendant(s),

-----------------------------------------x

**DECISION AND ORDER**

Index No: 807727/22E

    In this action for foreclosure on a mortgage and the sale of the real property pledged as security, plaintiff moves seeking an order pursuant to RPL § 254(10) appointing a receiver to preserve the premises secured by the mortgage in this action and the appointment of counsel to represent the receiver.

    For the reasons that follow hereinafter, plaintiff's motion is granted, on default and without opposition.

    The instant action is for foreclosure on three mortgages and the sale of the real property pledged as security therein. The complaint alleges that on June 27, 2017, defendants VALDESIA GARDENS LLC (Valdesia) and VALDESIA GARDENS HOUSING DEVELOPMENT

Page 1 of  9

FILED: BRONX COUNTY CLERK 10/14/2022 11:13 AM                    INDEX NO. 807727/2022E
NYSCEF DOC. NO. 140                                              RECEIVED NYSCEF: 10/14/2022

24-23086-kyp   Doc 16-1   Filed 01/08/25   Entered 01/08/25 15:52:06   Proposed
Stipulation and Order Pursuant to 11 USC 543(d)(1) Excusing State Cour   Pg 18 of 25

FUND (Valdesia HDFC) executed a note wherein they agreed to repay plaintiff a loan totaling $6,368,625. On the same day, in connection therewith, Valdesia and Valdesia HDFC executed a mortgage wherein they pledged property located at 850 East 150 Street, Bronx, NY (850) as security for the note. On the same day, Valdesia and Valdesia HDFC executed a second note, wherein they agreed to repay plaintiff a loan totaling $5,625,000 and executed a second mortgage wherein they pledged 850 as security for the second note. On the same date, Valdesia and Valdesia HDFC executed a third note wherein they agreed to repay plaintiff a loan totaling $1,676,375 and executed a third mortgage wherein they agreed to pledge 850 as security for the third note. Valdesia and Valdesia HDFC also executed an agreement wherein they assigned plaintiff the right to all rents and leases at 850. Defendants LEOPOLDO BAEZ (Baez), EMANUEL KAMABANIS (Kamabanis), and ALEXIS M. BAEZ AS ADMINISTRATOR FOR THE ESTATE OF LUIS BAEZ (admin Baez), executed agreements, wherein they agreed to guaranty the loans made by plaintiff to Valdesia and Valdesia HDFC. Pursuant to the foregoing agreements, Valdesia and Valdesia HDFC were required to make monthly payments on all sums borrowed and the failure to make a payment when due constituted a default, which, per the agreements, would authorize plaintiff to bring an action to foreclose on the mortgage and sell 850. Per several maturity extension agreements, as of December 1, 2021, Valdesia and Valdesia HDFC have defaulted

Page 2 of 9

under the terms of the mortgages. Baez, Kambanis, and admin Baez
have also defaulted under the terms of the guaranty agreements in
that they have failed to make the payments required thereunder.
Based on the foregoing, plaintiff, *inter alia*, seeks a judgment
authorizing foreclosure on the three mortgages and the sale of the
850.

Plaintiff's application seeking to appoint a receiver and
counsel for the same is hereby granted. Significantly, plaintiff
establishes that the mortgages executed by Valsedia and Valdesia
HDFC, contain a provision authorizing the appointment of a
receiver, where, as here, there exists a foreclosure action and
pursuant to CPLR § 6401(b), the receiver is entitled to counsel to
aid in the performance of his/her duties.

RPL § 254 and § 254(10), read together, state that

> [i]n mortgages of real property, and in
> bonds and notes secured thereby or in
> assignments of mortgages and bonds and
> mortgages and notes, or in agreements to
> extend or to modify the terms of
> mortgages and bonds and mortgages and
> notes, the following or similar clauses
> and covenants must be construed as
> follows . . . Mortgagee entitled to
> appointment of receiver. A covenant 'that
> the holder of this mortgage, in any
> action to foreclose it, shall be entitled
> to the appointment of a receiver,' must
> be construed as meaning that the
> mortgagee, his heirs, successors or
> assigns, in any action to foreclose the
> mortgage, shall be entitled, without

Page 3 of 9

> notice and without regard to adequacy of
> any security of the debt, to the
> appointment of a receiver of the rents
> and profits of the premises covered by
> the mortgage; and the rents and profits
> in the event of any default or defaults
> in paying the principal, interest, taxes,
> water rents, assessments or premiums of
> insurance, are assigned to the holder of
> the mortgage as further security for the
> payment of the indebtedness.

Thus, where a mortgage contains language providing for the appointment of a receiver in an action to foreclose on a mortgage, upon application, the court must appoint a receiver and can do so without notice (*Maspeth Fed. Sav. and Loan Ass'n v McGown*, 77 AD3d 890, 891 [2d Dept 2010] ["The mortgage agreement at issue contains a provision which specifically authorizes the appointment of a receiver upon application by the mortgagee in any action to foreclose the mortgage. Consequently, the plaintiff, as mortgagee, was entitled to the appointment of a receiver without notice and without regard to the adequacy of the security."]; *Naar v I.J. Litwak & Co., Inc.*, 260 AD2d 613, 615 [2d Dept 1999]; *Clinton Capital Corp. v One Tiffany Place Developers, Inc.*, 112 AD2d 911, 912 [2d Dept 1985]). Under the foregoing circumstances, the mortgagee has no obligation to establish the necessity of a receiver (*Febbraro v Febbraro*, 70 AD2d 584, 585 [2d Dept 1979]).

A receiver is charged with "preserv[ing] and operat[ing] the property, within the confines of the order of appointment and any subsequent authorization granted to him by the court" (*Jacynicz v*

Page 4 of 9

*73 Seaman Assoc.*, 270 AD2d 83, 85 [1st Dept 2000] [internal quotation marks omitted].), and his/her powers are limited to those enumerated in the appointing order (*Daro Indus., Inc. v RAS Enterprises, Inc.*, 44 NY2d 969, 970 [1978]). As to the ambit of a receiver's general powers, CPLR § 6401(b) states that

> [t]he court appointing a receiver may authorize him to take and hold real and personal property, and sue for, collect and sell debts or claims, upon such conditions and for such purposes as the court shall direct. A receiver shall have no power to employ counsel unless expressly so authorized by order of the court. Upon motion of the receiver or a party, powers granted to a temporary receiver may be extended or limited or the receivership may be extended to another action involving the property.

Part 36 of the Rules of the Chief Judge governs the appointment of individuals to perform services in cases before the Courts in New York State. Significantly, 22 NYCRR 36.0 states that the rules "are intended to ensure that appointees are selected on the basis of merit, without favoritism, nepotism, politics or other factors unrelated to the qualifications of the appointee or the requirements of the case." The rules promulgated by Part 36 apply to receivers (22 NYCRR 36.1[a][8]), attorneys retained to perform services for a receiver (22 NYCRR 36.1[a][10][i]), as well as property managers (22 NYCRR 36.1[a][10][v]). As such, all appointments of people governed by Part 36 must generally be individuals who are members of the relevant list (22 NYCRR

Page 5 of 9

36.2[b][b][1] ["All appointments pursuant to this Part shall be
made by the appointing judge from the appropriate list of
applicants established by the Chief Administrator of the Courts
pursuant to section 36.3 of this Part."]). Pursuant to 22 NYCRR
36.4(b)(4), (4) "[c]ompensation to appointees shall not exceed the
fair value of services rendered."

Here, in support of the instant application, plaintiff submits
the three notes executed by Valdesia and the mortgages executed by
Valdesia and Valdesia HDFC. With the exception of the amounts,
each note is dated June 1, 2017, is between Valdesia and plaintiff,
indicates that the maturity date on the loan is July 1, 2019, and
that monthly interest is due on the loan through the maturity date.
The notes indicate that in the event of default, plaintiff can
accelerate the entire unpaid principal balance.

Plaintiff submits the three mortgages executed by Valdesia and
Valdesia HDFC. With the exception of the notes that each mortgage
references, each is dated July 1, 2017, states that it is made to
secure the corresponding note by pledging 850 as security, and
states "any failure by Borrower to pay or deposit any payment of
principal interest principal reserve fund deposit, any payment with
a specified due date, or any other scheduled payment or deposit
required by the Note" is a default. Per the mortgages, upon

default, plaintiff could initiate a forfeiture[1] action and could

per section 3(d)

> regardless of the adequacy of Lender's security, without regard to Borrower's solvency and without the necessity of giving prior notice (oral or written) to Borrower, Lender may apply to any court having jurisdiction for the appointment of a receiver for the Mortgaged Property to take any or all of the actions set forth in the preceding sentence. If Lender elects to seek the appointment of a receiver for the Mortgaged Property at any time after an Fvent of Default has occurred and is continuing. Borrower, by its execution of this Instrument expressly consents to the appointment of such receiver including the appointment of a receiver ex parte if pemli1ted by applicable law.

Plaintiff also submits an affidavit by Robert Abrams (Abrams), the proposed receiver, who states that upon a review of the relevant documents, it is his understanding that 850 is intended to house, once constructed, 45 affordable housing units, 7,000 square feet of commercial space, and 1,080 square feet of community

---

[1] While RPL § 254(10) is made applicable by language in the mortgage and/or note which states that a foreclosure action has been initiated, here to the extent that the mortgages authorize the initiation of an action forcing defendants to forfeit the mortgaged premises, such action is significantly identical to one for foreclosure, making RPL § 254(10) no less applicable. In any event the appointment of a receiver is nevertheless warranted to the extent that it is relief to which Valdesia and Valdesia HDFC agreed to under the express terms of the mortgage, where as here, they have defaulted under the terms therein (*Greenfield v Philles Records, Inc.*, 98 NY2d 562, 569 [2002] ["a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms."]).

Page 7 of  9

facility space. Construction has been ongoing for several years, but at this point, the general contractor has vacated the premises and has not paid several contractors. As a result, 850 is vacant, unoccupied, unsecured, and exposed to dangers associated with vandalism, theft, arson and destruction by intruders. If appointed, Abrams will safeguard 850 by hiring a security company and locking and barricading the doors. Thereafter, he will, with the help of the New York City Department of Housing Preservation & Development, retain contractors and have them complete the required construction. To that end, Abrams seeks the appointment of Steven Newman (Newman), an attorney, as counsel.

Based on the foregoing, the appointment of a receiver is authorized by RPL § 254(10), since the mortgage to which Valdesia and Valdesia HDFC are bound contains the enabling language prescribed therein, namely the initiation of the instant foreclosure action (*Maspeth Fed. Sav. and Loan Ass'n* at 891; *Naar v* at 615; *Clinton Capital Corp.* at 912).

Additionally, inasmuch as Abrams seeks to perform a myriad of tasks in connection with his duties a receiver, some which may necessitate legal representation, plaintiff's application to have Newman appointed as counsel is also granted (CPLR 6401[b]; 22 NYCRR 36.1[a][10][i]). Accordingly, it is hereby

**ORDERED** that a receiver and counsel to the same be appointed

Page 8 of 9

in accordance with the Application for Ex Parte Order Appointing Receiver at Mortgaged Premises and Appointment of Receiver's Counsel, dated October 13, 2022, and annexed hereto.  It is further

**ORDERED** that plaintiff serve a copy of this Decision and Order and the Application for Ex Parte Order Appointing Receiver at Mortgaged Premises and Appointment of Receiver's Counsel with Notice of Entry upon all parties within thirty (30) days hereof.

Dated :10/13/22
     Bronx, New York

HON. FIDEL E. GOMEZ, AJSC

Page 9 of  9