WILLIAM K. HARRINGTON  
United States Trustee, Region 2  
U.S. Department of Justice  
Office of the United States Trustee  
One Bowling Green, Room 534  
New York, New York 10004  
Telephone: (212) 510-0500  
By: Daniel Rudewicz, Trial Attorney  

**Hearing Date:** February 27, 2025  
**Hearing Time:** 10:00 a.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  

| | |
|---|---|
| In re<br><br>    Valdesia Gardens Housing<br>    Development Fund Corporation,<br><br>                                                        Debtor. | Chapter 11<br><br>Case No. 24-23086 (KYP) |

**THE UNITED STATES TRUSTEE'S (I) OBJECTION TO THE STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 543(D)(1) EXCUSING STATE COURT RECEIVER FROM PROVISIONS OF 11 U.S.C. § 543(A) AND (B) AND GRANTING RELATED RELIEF AND (II) MOTION TO APPOINT A CHAPTER 11 TRUSTEE**

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"), through his counsel, respectfully submits this (i) objection (the "Objection") to the entry of the *Stipulation and Order Pursuant To 11 U.S.C. § 543(d)(1) Excusing State Court Receiver From Provisions of 11 U.S.C. § 543(a) And (b) And Granting Related Relief* [ECF No. 16]; [ECF No. 20] ( the "Stipulation")[1] and (ii) motion (the "Motion") for an order appointing a chapter 11 trustee. In support thereof, the United States Trustee respectfully states:

## PRELIMINARY STATEMENT

The Court should not enter the Stipulation. Only debtors in possession and chapter 11 trustees may manage the affairs of a chapter 11 debtor, and section 105(b) of the Bankruptcy Code prohibits the appointment of a receiver in any chapter 11 case. 11 U.S.C. § 105(b) ("a Court may not appoint a receiver"). Once a chapter 11 petition is filed, a receiver is required either to turn over all estate property or to obtain a court order excusing this requirement.

The Bankruptcy Code is clear that upon the commencement of a case under Title 11, a custodian shall (1) deliver to the debtor any of its property that is in the custodian's possession and (2) file an accounting of the property. 11 U.S.C. § 543(b). In the instant case, the Stipulation and the accompanying notice of presentment do not provide sufficient information or reasons for a receiver to stay in possession. A custodian is not a substitute for a chapter 11 trustee. A chapter 11 trustee has fiduciary duties and responsibilities that go beyond the management of property. For example, a chapter 11 trustee would prepare and file monthly financial reports, consider and reach decisions regarding such things as acquiring or selling property, propose a plan of

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation.

reorganization, commence avoidance actions and so forth. These responsibilities do not fall within the narrow scope of a receiver's appointment by the New York Supreme Court. For these reasons, the United States Trustee opposes entry of the Stipulation. If the Lender believed that the Debtor was incapable of managing the Debtor's largest asset the Lender could have moved to lift the automatic stay, convert the case to chapter 7, or dismiss this case. Alternatively, the Lender could have—as the United States Trustee is doing—moved to appoint a chapter 11 trustee.

Regarding the motion to appoint a chapter 11 trustee, sufficient grounds exist to do so pursuant to 11 U.S.C. § 1104(a)(2). The appointment of an independent chapter 11 trustee is in the interests of the creditors and all other interests in this case. As discussed below, the Debtors here have one piece of real property as its sole scheduled asset. Yet, the Debtor has already agreed to the Stipulation, which would allow a receiver to remain in control of that asset. But, as mentioned above, a receiver is not the equivalent a chapter 11 trustee that would act as a fiduciary for the estate and all of its creditors, and in fact, the Bankruptcy Code specifically prohibits receivers in chapter 11. Further, the appointment of a chapter 11 trustee is not a punishment of the debtor or the other parties in the case. Here it would simply be a recognition that the appointment of a chapter 11 trustee would comply with the safeguards and processes set forth in the Bankruptcy Code, which is the best interest of these estates and all of their parties in interest.

## BACKGROUND

1.      On December 13, 2024 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101

*et seq.* (the "Bankruptcy Code").[2] *See* Petition [ECF No. 1].

2.   The Debtor checked the box in the Petition describing it as a Single Asset Real Estate debtor, as defined under section 101(51B) of the Bankruptcy Code. *Id.*

3.   The Debtor's primary asset is real property located at 569-575 Prospect Ave., Bronx, NY (the "Property"). Bankruptcy Schedule A/B [ECF No. 1].

4.   The Debtor scheduled the value of the Property at $15,000,000.00 *Id.*

5.   The Debtor lists CPC Funding SPE 1 LLC ("Lender") as its largest secured creditor, with a claim of $19,000,000.00. Bankruptcy Schedule D [ECF No. 1].

6.   The Debtor lists four other secured creditors, with one secured creditor's claim amount listed as an "unknown" and the other three claims have a combined amount of $3,422,022.00 of claims. *Id.*

7.   The Debtor also lists six unsecured creditors holding claims in amounts listed from $0.00 to $146,289.00. Bankruptcy Schedule E/F [ECF No. 1].

8.   The Receiver was appointed in a foreclosure proceeding styled *CPC Funding SPE 1 LLC v. Valdesia Gardens Housing Development Fund Corporation, et al.*, Index No. 807726/22E, pending in the New York Supreme Court, County of Bronx (the "Foreclosure Action"), pursuant to a Decision and Order dated October 13, 2022 and a further Order dated October 13, 2022 (the "Receiver Orders"). *See* Stipulation at 1, Exh. 1.

---

[2] Unless otherwise stated herein, all section references are to the Bankruptcy Code.

## LEGAL DISCUSSION

**I.      THE COURT SHOULD NOT ENTER THE STIPULATION**

A debtor in possession has many rights, powers, and duties. 11 U.S.C. §§ 1101(1) (defining "debtor in possession"); 1107 (setting forth "[r]ights, powers and duties of debtor in possession"). These powers include the authority to operate the debtor's business under 11 U.S.C. § 1108. In addition, a debtor in possession bears the same fiduciary duty to the bankruptcy estate and its creditors as would an independent trustee appointed by the United States Trustee and approved by the bankruptcy court. *See, e.g., CFTC v. Weintraub*, 471 U.S. 343, 355 (1985) (stating that "if a debtor remains in possession – that is, if a trustee is not appointed –," the debtor "bear[s] essentially the same fiduciary duties to creditors and shareholders as would the trustee for a debtor out of possession."); *In re Century Brass Prods., Inc.*, 22 F.3d 37, 39-40 (2d Cir. 1994) (stating that the legislative history of section 1107 "places a debtor in possession in the shoes of a trustee in every way").

Once in bankruptcy, section 105(b) of the Bankruptcy Code *explicitly prohibits the Court from appointing a receiver*. 11 U.S.C. § 105(b) ("Notwithstanding subsection (a) of this section, a court may not appoint a receiver in a case under this title."). As noted in a recent ruling denying a motion to excuse a receiver's compliance with the Bankruptcy Code, "only debtors-in-possession and chapter 11 trustees may manage the affairs of a chapter 11 debtor, and section 105(b) prohibits the appointment of a receiver in any chapter 11 case." *In re Garofalo Real Estate Holdings, LLC*, Case No. 24-11915 (MG) (Bankr. S.D.N.Y. Dec. 30, 2024) [ECF No. 26]. Indeed, the Bankruptcy Code directs a custodian in possession of a debtor's property and records—such as a pre-petition state-court-appointed receiver—to turn over the debtor's property and records upon

the filing of a chapter 11 petition. If a debtor in possession is unable to fulfill its duties and responsibilities to the estate and its creditors, then the solution is for the appointment of a chapter 11 trustee, the dismissal of the case, or a conversion of the case to chapter 7.

Allowing the pre-petition state-court-appointed receiver to continue his possession of the Debtor's property once the chapter 11 is filed creates an unworkable and untenable "hybrid" situation. In lieu of a debtor in possession exercising a myriad of fiduciary responsibilities in a Chapter 11 proceeding, the debtor would have no responsibility with respect to the control and management of the Debtor's primary asset—in this case the Property. This flawed arrangement is not supported by the Bankruptcy Code and should not be permitted to continue. *See* 11 U.S.C. § 105; H.R. Rep. No. 595, 95th Cong., 1st Sess. 316 (1977) ("[T]he bankruptcy Judge is prohibited from appointing a receiver [. . .] under any circumstances. The Bankruptcy Code has ample provision for the appointment of trustees when needed. Any appointment of a receiver would simply circumvent the established procedures."); *see also, In re 400 Madison Ave. Ltd. P'ship,* 213 B.R. 888, 894-5 (Bankr. S.D.N.Y. 1997) (stating that "the receiver does not take on the obligations and duties of a Chapter 11 trustee nor the somewhat different ones of a debtor-in-possession").

The Receiver should not be excused with complying with subsections (a) and (b) of Section 543. The Bankruptcy Code provides that a receiver of property of the debtor is a "custodian." 11 U.S.C. § 101(11). Section 543 states that a custodian with knowledge of the case "may not make any disbursement from, or take any action in the administration of, property of the debtor, proceeds, product, offspring, rents or profits of such property, or property of the estate, in the possession, custody, or control of such custodian, except such

action as is necessary to preserve such property." 11 U.S.C. § 543(a). A custodian is further directed to deliver the debtor's property to the bankruptcy trustee and then file an accounting of the property, proceeds, products, rents, or profits. *See* 11 U.S.C. § 543(b).

The Receiver was appointed pre-petition by the a state court in a foreclosure proceeding and has no place here once this chapter 11 case was commenced. *See Stratesec, Inc.*, 324 B.R. 156, 158 (Bankr. D.D.C. 2004) ("[T]he bankruptcy case [is] the forum to handle the debtor's financial affairs, the court should treat the receivership as suspended . . . with the receiver no longer playing a role."). The Receiver is neither a substitute for the Debtor, nor the equivalent of a bankruptcy trustee with fiduciary obligations to all creditors. While the Receiver is subject to compliance with section 543[3] as a custodian,[4] unless excused, there is no mandate under the Bankruptcy Code that the Receiver file monthly operating reports, provide the Debtor or the United States Trustee with the requisite financial accounting, provide the Debtor with access to bank accounts pertaining to the management of the Property, and so forth. And the Court,

---

[3] Section 543(a) of the Bankruptcy Code states that a custodian with knowledge of the case "may not make any disbursement from, or take any action in the administration of, property of the debtor, proceeds, product, offspring, rents or profits of such property, or property of the estate, in the possession, custody, or control of such custodian, except such action as is necessary to preserve such property."

Subsection 543(b) further requires a custodian to:

(1) deliver any property of the debtor held by such custodian, or proceeds, product, offspring, rents or profits of such property in such custodian's possession, custody or control; and

(2) file an accounting of any property of the debtor in the custodian's possession, custody or control.

As explained above, reinstatement of the Receiver, with full access to the Real Property and *all past rents and future rents*, directly contravenes the purpose and goal of section 543(b), which is for a custodian to turnover any control of the Debtor's rental income and property.

[4] *See* 11 U.S.C. § 101(11): "The term 'custodian' means (A) a receiver or trustee of any of the property of the debtor, appointed in a case or proceeding not under this title."

United States Trustee, and estate creditors will no longer have any transparency of the operations and business of the Property.

Second, the Debtor would no longer have any responsibility or control and management of the Property and its sole source of income. And without that, the Debtor would have no ability to formulate a plan to exit or meet its post-petition administrative expenses. As noted above, this flawed arrangement is not supported by the Bankruptcy Code and cannot be allowed.

In sum, the Bankruptcy Code prohibits the appointment of a receiver in a chapter 11 bankruptcy, and only a debtor in possession may manage its business and assets, unless replaced by a (chapter 11 or chapter 7) bankruptcy trustee. Accordingly, this Court should not allow the Receiver to maintain possession of the Property.

**II.    APPOINTMENT OF A CHAPTER 11 TRUSTEE IS IN THE INTERESTS OF CREDITORS AND OTHER INTERESTS OF THE ESTATE**

"While there is a presumption that a debtor should be permitted to remain in possession of its business, that presumption is not absolute." *In re Sillerman*, 605 B.R. 631, 640 (Bankr. S.D.N.Y. 2019). Section 1104(a) provides for two paths to the appointment of a chapter 11 trustee: (1) for cause or (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate. 11 U.S.C. § 1104(a)(1) and (2). The sections provide, in pertinent part:

> (a)    At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor. . . .

> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor [ ].

11 U.S.C. § 1104(a)(1), (a)(2).

Section 1104(a)(2) of the Bankruptcy Code allows appointment of a trustee even when no "cause" exists. *See In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 (3d Cir. 1989); *In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990).

The Court may appoint a trustee if it is in the "interests of the creditors, any equity security holders, and other interests of the estate." 11 U.S.C. § 1104(a)(2). "'Section 1104(a)(2) envisions a flexible standard and gives the district court discretion to appoint a trustee when doing so would serve the parties' and estate's interests.'" *In re Eletson Holdings Inc.*, 659 B.R. 426, 453 (Bankr. S.D.N.Y. 2024) (quoting *In re The 1031 Tax Grp., LLC*, 374 B.R. 78, 90 (Bankr. S.D.N.Y. 2007)). In applying section 1104(a)(2), courts should "eschew rigid absolutes and look to the practical realities and necessities." *In re Adelphia Communication Corp.*, 336 B.R. 610, 658 (Bankr. S.D.N.Y. 2006) (citations and alterations omitted). As a court noted in *Schuster v. Dragone*:

> In determining whether the appointment of a trustee is in the best interests of creditors, a bankruptcy court must necessarily resort to its broad equity powers." In equity, "courts eschew rigid absolutes and look to the practical realities and necessities inescapably involved in reconciling competing interests . . . . Moreover, equitable remedies are a special blend of what is necessary, what is fair, and what is workable.

266 B.R. 268, 272-73 (D. Conn. 2001) (quotations omitted). Accordingly, the standard for appointment of a chapter 11 trustee under section 1104(a)(2) is flexible.

In *In re Novus Structures, Inc.*, the court declined to authorize a receiver—who had been previously appointed by a state court in a foreclosure proceeding—noting that there were alternative remedies such as the appointment of a chapter 11 trustee. 653 B.R. 429 (Bankr. N.D. Ill. 2023). The court noted that the receiver was appointed in a proceeding between the lender and the debtor, but that "other creditors exist, however, and the automatic stay also applies to them" and that those other creditors "are not parties to the state court proceeding in which the Receiver was appointed and must bring their claims to the bankruptcy court." *Id*. The court further noted that "[g]ranting the [secured-lender's motion] would effectively permit the [secured lender] to further its interests without satisfying the requirements in the Bankruptcy Code with which it would otherwise need to comply in order to dispossess the Debtor and gain control of estate property." *Id*. at 440 (Bankr. N.D. Ill. 2023). The court highlighted an important difference contained in the Code between leaving a receiver in place and appointing a chapter 11 trustee: "[A] lender does not have the sole ability to select the person who will fill that role." *Id.* Rather the United States Trustee would, consistent with the Bankruptcy Code, facilitate the selection of the chapter 11 trustee, "who must be a disinterested person and comply with the powers and duties set forth in the Bankruptcy Code." *Id.*

Here, the Debtor has listed one asset in its schedules: the Property (*i.e.*, 569-575 Prospect Ave., Bronx, NY). Bankruptcy Schedule A/B [ECF No. 1]. Like the debtor in *Novus*, the Debtor here has numerous other creditors. *See* Bankruptcy Schedule E/F [ECF No. 1]. These creditors would benefit from the appointment of a fiduciary that will comply with the requirements of the Bankruptcy Code, rather than having the estate's sole scheduled asset in the hands of a receiver

appointed by a state court in a foreclosure proceeding initiated by a secure creditor. *See* Stipulation, Exh. 1.

To be sure, if the Court directs the appointment of a chapter 11 trustee, the United States Trustee will consult with the Lender. *See* 11 U.S.C. § 1104(d) (requiring the United States Trustee to appoint a trustee "after consultation with parties in interest"). And whoever is appointed will act as a fiduciary for the entire estate for the benefit of all the estate's creditors, Moreover, the chapter 11 trustee will comply with the requirements set forth in the Bankruptcy Code, as written and approved by Congress.

*[Remainder of page intentionally left blank.]*

## CONCLUSION

For the reasons set forth herein, the United States Trustee respectfully requests that the Court (i) sustain this Objection; (ii) direct the United States Trustee to appoint a chapter 11 trustee; and (iii) grant such other and further relief as may be deemed just and proper.[5]

Dated: New York, New York
January 24, 2025

                                                WILLIAM K. HARRINGTON
                                                UNITED STATES TRUSTEE

               By:    */s/ Daniel Rudewicz*
                      Daniel Rudewicz
                      Trial Attorney
                      Office of the United States Trustee
                      One Bowling Green, Room 534
                      New York, New York 10004
                      Telephone: (212) 510-0500

---

[5] In the event the Court grants the request to enter the Stipulation, the United States Trustee reserves all rights. The Stipulation permitting the Receiver to stay in possession should require the Receiver to provide the United States Trustee proof of adequate insurance (which the proposed Stipulation currently provides) and proof that debtor-in-possession bank accounts have been established. The order should also require the Receiver to provide the Debtor all the documents needed for the Debtor to prepare and file monthly operating reports, including the rent roll, rent payments, status of all the bills for the Property, all bank statements and monthly income and expenses reports. Finally, the order should require the Receiver to timely pay all United States Trustee quarterly fees due pursuant to 28 USC § 1930(a)(6).