| | |
|---|---|
| DAVIDOFF HUTCHER & CITRON LLP<br>*Attorneys for the Debtor*<br>120 Bloomingdale Road, Suite 100<br>White Plains, New York 10605<br>(914) 381-7400<br>Robert L. Rattet, Esq.<br>Jonathan S. Pasternak, Esq. | *Hearing Date:*<br>*February 27, 2025 @ 10:00 A.M.* |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                                                      Chapter 11
                                                                                                 Case No. 24-23086 (KYP)
VALDESIA GARDENS HOUSING
DEVELOPMENT FUND CORPORATION,


                                                        Debtor.
------------------------------------------------------------x

**DEBTOR'S RESPONSE TO THE UNITED STATES TRUSTEE'S OBJECTION
TO THE STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 543(d)(1)
EXCUSING STATE COURT RECEIVER FROM PROVISIONS OF 11 U.S.C. § 543(a)
AND MOTION TO APPOINT A CHAPTER 11 TRUSTEE**

**TO:    HONORABLE KYU YOUNG PAEK,
            UNITED STATES BANKRUPTCY JUDGE:**

VALDESIA GARDENS HOUSING DEVELOPMENT FUND CORPORATION, the above-captioned debtor and debtor in possession (the "**Debtor**"), by its proposed attorneys, Davidoff Hutcher & Citron LLP, files this response (this "**Response**") to *United States Trustee's (I) Objection to the Stipulation and Order Pursuant To 11 U.S.C. § 543(D)(1) Excusing State Court Receiver from Provisions Of 11 U.S.C. § 543(A) And (B) And Granting Related Relief and (II) Motion to Appoint a Chapter 11 Trustee* [Docket No. 25] (the "**Motion**"), filed by Daniel Rudewicz of the Office of the United States Trustee (the "**Movant**").

**Preliminary Statement**

1. In preliminary response to the Motion, the Debtor hereby withdraws its signature and participation in entry of the *Stipulation and Order Pursuant to 11 U.S.C. § 543(d)(1) Excusing State Court Receiver from Provisions of 11 U.S.C. § 543(a) and (b) and Granting Related Relief* [Docket No. 16] (the "**Stipulation**") and has demanded the Receiver[1] turn over all property of the estate, specifically management and control of the Debtor's real property located at 569-575 Prospect Avenue, Brons, New York (the "Property") to the Debtor, who, pursuant to the attached Management Agreement (Exhibit A), has retained a management company owned by Emanuel Kambanis, one of the Debtor's principals, to manage, secure and properly maintain the Property pending the obtaining of a refinance or DIP loan that will provide funds for the completion of the Property and the payment of all ongoing administrative expenses of the Debtor during the Chapter 11 case. Pending obtaining of DIP financing, the Debtor's principals have agreed to fund the ongoing expenses of maintaining, protecting and upkeeping the Property as equity contributions, as opposed to seeking repayment as a DIP loan under Section 364 of the Bankruptcy Code. Therefore, the Debtor believes that the issues raised in the Motion are resolved.

2. Moreover, all operational and strategic decision-making authority including the power to oversee this Chapter 11 case and direct the Debtor's restructuring efforts, has from the inception of the Chapter 11 case been delegated to David Goldwasser, the Debtor's appointed Chief Restructuring Officer (the "**CRO**"), who has significant experience in real estate development bankruptcy cases as the case at bar.

3. The Receiver, in turn has been granted no authority to act on behalf of or as a

---

[1] Capitalized terms used but not yet defined herein have the meanings ascribed to such terms later in this Motion.

2

fiduciary to the Debtor or its estate and was merely put in place to preserve and protect the Property prior to the Chapter 11 case in connection with the state court foreclosure action commenced by the Debtor's lender, Community Preservation Corporation ("CPC").

4. Therefore, despite the existence of the Receiver, the Debtor at all times has remained in control of and in management of its affairs in the Chapter 11 case.

5. Furthermore, the Debtor and CRO, not the Receiver, have broad powers to investigate potential claims, causes of action, evaluate and approve restructuring transactions, and otherwise manage the Debtor's operations.

6. Movant further alleges that the appointment of a trustee would be in the best interests of the Debtor's stakeholders. However, the appointment of a trustee would be highly value destructive and scuttle the Debtor's efforts to bring this Chapter 11 case to a value-maximizing conclusion. The Debtor, in consultation with the CRO, has been evaluating potential financing and restructuring options and expect to present a detailed description of its plans for an exit from Chapter 11 soon. The appointment of a trustee would introduce substantial additional cost, delay, and inefficiency that would drastically reduce potential recoveries available to creditors.

## Response

**I. No Cause Exists for Appointment of a Chapter 11 Trustee.**

7. Section 1104(a)(1) of title 11 of the United States Code, as amended (the "**Bankruptcy Code**") provides that trustee shall be appointed for cause, which includes, "fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management." 11 U.S.C. § 1104(a). The appointment of a trustee is considered an extraordinary remedy. *See In re Sharon Steel Corp.*, 871 F. 2d 1217, 1225 (3d Cir. 1989); *In re Adelphia*

3

*Commc'ns Corp.*, 336 B.R. 610, 655 (Bankr. S.D.N.Y. 2006).

8. Thus, there is a strong presumption against appointing a chapter 11 trustee, which "must be considered a last resort." *In re Marvel Entm't Grp., Inc.*, 140 F.3d 463, 471 (3d Cir. 1998); *see also In re Sharon Steel Corp.*, 871 F.2d at 1225. "'Chapter 11 of the Code is designed to allow the debtor-in-possession to retain management and control of the debtor's business operations unless a party in interest can prove that the appointment of a trustee is warranted,' and there is a strong presumption that the debtor should be permitted to remain in possession absent a showing of need for the appointment of a trustee." *Adelphia Commc'ns Corp.*, 336 B.R. at 655 (quoting *In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990)).

9. Accordingly, the party seeking appointment of a trustee must meet a "very high" standard to justify appointment of a trustee. *In re Smart World Techs., LLC*, 423 F.3d 166, 176 (2d Cir. 2005). Clear and convincing evidence must be presented to support such requested relief. *See Adelphia Commc'ns Corp.*, 336 B.R. at 656; *Ionosphere Clubs*, 113 B.R. at 168. The Debtor has rendered the Motion's objection pursuant to section 543 of the Bankruptcy Code moot by dismissing the Receiver and demanding the turnover of all estate property to the Debtor. As set forth herein, and in light of the Debtor's response to the Motion, Movant falls well short of establishing the need for a trustee under the clear and convincing evidence standard.

**II. Appointing a Trustee Would Not Be in the Best Interests of the Estate.**

10. Pursuant to section 1104(a)(2) of the Bankruptcy Code, the Court may appoint a trustee if it finds that such an appointment would be "in the best interests of the creditors, any equity holders, and other interests of the estate." 11 U.S.C. § 1104(a)(2). In making such a determination, courts "eschew rigid absolutes and look to the practical realities and necessities" of the case. Ionosphere Clubs, 113 B.R. at 168.

4

11. While this standard is "amorphous and necessarily involves a great deal of judicial discretion," courts within the Second Circuit consider:

> "(i) the trustworthiness of the debtor; (ii) the debtor in possession's past and present performance and prospects of the debtor's rehabilitation; (iii) the confidence—or lack thereof—of the business community and of the creditors in present management; and (iv) the benefits derived by the appointment of a trustee, balanced against the cost of appointment.

*In re The 1031 Tax Group, LLC*, 374 B.R. 78, 91 (Bankr. S.D.N.Y. 2007) (quoting *Euro-Am. Lodging Corp.*, 365 B.R. 421, 427 (Bankr. S.D.N.Y. 2007).

12. The appointment of a trustee would be highly value-destructive and diminish the recoveries available to the Debtor's stakeholders. First, the Debtor is working feverishly on its reorganization plans, which will establish the path forward to a value-maximizing transaction—a path that will be consensual. The appointment of a trustee would eliminate the Debtor's opportunity to negotiate or effectuate such a transaction. Second, the appointment of a trustee would result in an individual with less expertise than the Debtor's current management and CRO being in charge of the Debtor's highly complex construction project. A trustee would invariably take time to get up to speed, and the concomitant expenses and delay for the trustee and any new advisors to understand the complexity of the numerous issues in this Chapter 11 case would further erode recoveries. Third, the Debtor's estate is currently well managed, making the appointment of a trustee unnecessary. The appointment of a trustee would reverse that progress and return the Debtor to square one. Fourth, the Debtor's estate would not benefit from the appointment of a trustee because the Debtor is working in close collaboration with the CRO and interested creditors and parties in interest. For these reasons, the appointment of a trustee is not justified under section 1104(a)(2) of the Bankruptcy Code.

**Conclusion**

13.   For the reasons stated herein, the Court should find that neither cause nor discretionary grounds exists to appoint a trustee and deny the Motion.

**WHEREFORE**, the Debtors request that the Court deny the Motion and grant such other and further relief as the Court deems appropriate.

Dated: White Plains, New York
February 25, 2025

DAVIDOFF HUTCHER & CITRON LLP
*Attorneys for the Debtor*
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 381-7400

By: */s/ Jonathan S. Pasternak*
　　Jonathan S. Pasternak