

**DAVIDOFF HUTCHER & CITRON LLP**

ATTORNEYS AT LAW
120 BLOOMINGDALE ROAD
WHITE PLAINS, NEW YORK 10605

TEL: (914) 381-7400
WWW.DHCLEGAL.COM

FIRM OFFICES

NEW YORK
ATTORNEYS AT LAW
605 THIRD AVENUE
NEW YORK, NY 10158
(212) 557-7200

WEST PALM BEACH
ATTORNEYS AT LAW
1107 NORTH OLIVE AVENUE
WEST PALM BEACH, FL 33401
(561) 567-8488

FIRM OFFICES

WASHINGTON, D.C.
ATTORNEYS AT LAW
201 MASSACHUSETTS AVENUE N.E.
WASHINGTON, D.C. 20002
(202) 347-1117

ALBANY
ATTORNEYS AT LAW
150 STATE STREET
ALBANY, NY 12207
(518) 465-8230

WRITER'S DIRECT: 646-428-3124
E-MAIL: JSP@DHCLEGAL.COM

February 26, 2025

*Via ECF PACER*
Hon. Kyu Young Paek
United States Bankruptcy Court
Southern District of New York
355 Main Street
Poughkeepsie, NY 12601
P: (845) 452-4200 | E: paek.chambers@nysb.uscourts.gov

Re: *In re Valdesia Gardens Housing Development Corporation*, No. 24-23086 (KYP) (Bankr. S.D.N.Y.) Status Letter Report for February 27, 2025 Hearing

Dear Honorable Judge:

     This Firm represents Valdesia Gardens Housing Development Corporation (the "**Debtor**") in the Chapter 11 bankruptcy matter that was filed and assigned to your honor on December 13, 2024 (the "**Petition Date**") at Case No. 24-10297. On February 11, 2025, this Court held a status conference (the "**Hearing**") to discuss, among other things, general plan to complete the building.[1]

     We write to you today to provide an update regarding the Debtor and the items discussed at the Hearing in anticipation of the adjourned status conference scheduled for February 27, 2025 (the "**Adjourned Hearing**"). Indeed, the Debtor has made substantial progress since the Hearing, including, among other things:

---

[1] The Debtor is a domestic not-for-profit corporation formed under Section 573 of the New York Private Housing Finance Law to acquire title to and redevelop the property located at 569-575 Prospect Avenue, Bronx, New York 10455 (the "Property"). The Property consists of a 50,000 square foot, seven story building which is currently vacant and 85% complete.

February 26, 2025
Kyu Young Paek
Page 2

- Debtor has withdrawn from the *Stipulation and Order Pursuant to 11 U.S.C. § 543(d)(1) Excusing State Court Receiver from Provisions of 11 U.S.C. § 543(a) and (b) and Granting Related Relief* [Docket No. 16] (the "**Stipulation**") and filed the *Debtor's Response to the United States Trustee's Objection to the Stipulation and Order Pursuant to 11 U.S.C. § 543(d)(1) Excusing State Court Receiver from Provisions of 11 U.S.C. § 543(a) and Motion to Appoint a Chapter 11 Trustee*, [Docket No. 32] (the "**Stipulation Withdrawal**") that demanded the Receiver turnover all property of the estate, specifically management and control of the Property.

- Debtor has hired a management company to take over management and control and security of the property. A copy of the management agreement is attached to the Stipulation Withdrawal as **Exhibit "A"**.

- Debtor is in the process of obtaining insurance in lieu of the forced place policy held by the Debtor's lender, Community Preservation Corporation.

- US Trustee has indicated that in light of the progress set forth above, inter alia, it will not prosecute the *United States Trustees (I) Objection to the Stipulation and Order Pursuant to 11 U.S.C. § 543(d)(1) Excusing State Court Receiver from Provisions of 11 U.S.C. § 543(a) and (b) and Granting Related Relief and (II) Motion to Appoint a Chapter 11 Trustee* [Docket No. 25] (the "**Objection**") and confirmed the same in its *Reply to the Debtor's Response to the United States Trustee's Objection to the Stipulation and Order Pursuant to 11 U.S.C. § 543(d)(1) Excusing State Court Receiver from Provisions of 11 U.S.C. § 543(a) and Motion to Appoint a Chapter 11 Trustee* [Docket No. 33] stating that "[b]ased on the Debtor's Response, the U.S. Trustee's objection to the stipulation and order and motion to appoint a Chapter 11 Trustee is hereby resolved."

- As mentioned at the Hearing, the Debtor is currently working on securing financing to complete the Project. For the avoidance of doubt, the money Debtor mentioned during the Hearing that will pay expenses prior to formal financing will come in the form of equity contributions from the Debtor's principal. Upon Debtor securing a commitment for financing, a formal application will be filed for the Court's consideration.

The Debtor is eager to share its progress with the Court and all parties in interest at the Adjourned Hearing.

This letter is without prejudice to all rights, remedies, and defenses at law and in equity, of the Debtor, all of which are expressly reserved.

February 26, 2025
Kyu Young Paek
Page 3

    Thank you for your consideration of this matter.

                              Respectfully submitted,

                              DAVIDOFF HUTCHER & CITRON LLP
                              *Attorneys for the Debtor*
                              605 Third Avenue
                              New York, New York 10158
                              (212) 557-7200

                        By: */s/ Jonathan S. Pasternak*
                              Jonathan S. Pasternak